EXHIBIT 1

| | |
|---|---|
| STATE OF MAINE<br>Cumberland, ss. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO.<br>CV15-371 |
| **RICHARD FOWLER,**<br>and, **WENDY FOWLER**<br><br>    Plaintiffs<br><br>v.<br><br>**STATE FARM FIRE AND CASUALTY**<br>**COMPANY**<br><br>    Defendant. | ) ) ) ) ) ) **COMPLAINT** ) ) ) ) ) ) ) ) ) |

STATE OF MAINE
Cumberland, ss. Clerk's Office
AUG 19 2015
RECEIVED

NOW COME Plaintiffs Richard and Wendy Fowler, by and through undersigned counsel, and for cause of action against Defendant, State Farm Fire and Casualty Company ("State Farm"), state to the Court as follows:

### Parties

1. At all times relevant to this Complaint Plaintiffs are individuals who owned a residential and commercial buildings, located at 1 Fowler Farm Rd., Scarborough, ME 04074, Cumberland County, Maine ("subject property").

2. At all times relevant to this Complaint Robin Thurston was an insurance producer ("agent") authorized to engage in the business of insurance within the State of Maine. Robin Thurston is identified and designated by State Farm as a "State Farm Agent."

3. At all times relevant to this Complaint State Farm was a company duly organized and authorized to engage in the business of insurance within the State of Maine.

1

4. At all times relevant to this Complaint Robin Thurston was an individual who was an agent, and or employee of State Farm authorized by State Farm to engage in the business of insurance within the State of Maine, and specifically authorized by State Farm to provide insurance policies exclusively for State Farm to the public at large.

## Common Nucleus of Operative Fact

5. For a number of years Robin Thurston acted as an insurance producer ("agent") for the Plaintiffs.

6. For a number of years prior to on January 29, 2015 Plaintiffs obtained a number of insurance policies, including a homeowners insurance policy with State Farm, Policy No. 19-DA-H025-5 ("subject insurance policy") for the property located at 1 Fowler Farm Rd., Scarborough, ME 04074, Cumberland County, Maine ("subject property"), from Robin Thurston.

7. For a number of years prior to on January 29, 2015, Plaintiffs consulted with and depended on the advice provided by Robin Thurston regarding insurance related issues, including, but not limited to, the type and scope of insurance coverage, as well as the manner by which to process insurance claims.

8. It was the Plaintiffs' understanding that the scope of the subject policy obtained from State Farm, through Robin Thurston, included coverage for all the structures located on, and activities conducted at the subject property.

9. The Plaintiffs expressly discussed with Robin Thurston that they wanted a policy to include coverage for personal, as well as business interests and activities in the event they experienced a loss.

10. Based on assurances and recommendations made by Robin Thurston, the Plaintiffs believed the subject insurance policy afforded them indemnification in the event of a loss to their home and/or business related activities.

11. On January 29, 2015 the Plaintiffs experienced a fire in a structure/garage on the premises of 1 Fowler Farm Rd. No cause and origin was determined by any expert or fire marshal. However, circumstantial evidence demonstrated that the fire may have originated in/around a vehicle in the structure/garage.

12. There was extensive damage to both the structure/garage and the contents of the building exposed to the fire. Soon thereafter, the Plaintiffs made a timely claim with State Farm in order to recover damages pursuant to the policy they obtained from State Farm through Robin Thurston. The subject policy was in full force and effect at the time of the subject fire loss.

13. Unfortunately, State Farm denied the claim, asserting that the loss was not covered by the policy. State Farm determined that the structure/garage had been used for business purposes. Since the subject policy specifically excluded coverage if a structure was used for business purposes, State Farm denied the Plaintiffs' claims for damages resulting from the subject fire in the structure/garage.

14. Prior to January 29, 2015, it was clear that the subject property contained a number of different structures that included the Plaintiffs' personal residence. It was also clear that the Plaintiffs engaged in numerous business activities on the property. The Plaintiffs had engaged in business/commercial activities on the subject property since the 1980s. Robin Thurston was aware that the Plaintiffs engaged in business activities at the subject property, and Robin Thurston discussed such activities with the Plaintiffs.

15. Prior to January 29, 2015, it was also clear that the Plaintiffs exclusively engaged in business/commercial activities in the structure/garage where the fire loss occurred. The Plaintiffs had an impressive collection of tools in the structure/garage, and normally kept race cars or other vehicles in the structure/garage. Even a lay person would immediately recognize that the structure/garage was being used for business/commercial, merely by walking into the structure/garage and viewing it.

16. The business/commercial activities at the subject property were well known to Robin Thurston/State Farm Insurance. Robin Thurston went to the property and inspected it with the Plaintiffs. As the parties walked through the property together the Plaintiffs had the opportunity to discuss the activities conducted at the subject property with Robin Thurston.

17. Robin Thurston/State Farm acted negligently and recklessly when it failed to provide an insurance policy to the Plaintiffs with sufficient/adequate coverage. Robin Thurston/State Farm should have issued an insurance policy to the Plaintiffs that included coverage for commercial/business activity at the subject property that included the structure/garage where the subject fire loss occurred.

18. Plaintiffs detrimentally relied upon the advice and directive provided by the Defendant when Plaintiffs attempted to obtain an appropriate insurance policy for the subject property. The Defendant and their representatives had a duty to provide the Plaintiffs with accurate and sound advice regarding obtaining a suitable insurance policy/coverage.

19. The Defendant breached its duty to the Plaintiffs when the Defendant inappropriately, negligently, and recklessly advised Plaintiffs regarding insurance related matters.

20. The Defendant also breached its duty to the Plaintiffs by obtaining a policy for the subject property that did not include coverage for commercial activities.

21. Plaintiffs have incurred, and continue to incur, economic harm and other losses relating to the subject fire, and as a result of the Defendants' negligence and recklessness, including, but not limited to: indemnification for the losses incurred in the subject fire; the attorney's fees; expert fees; loss of use of the subject property; and, emotional distress.

22. Plaintiffs are not guilty of any comparative or contributory negligence.

### Count I:  General Negligence v. Defendant

23. Plaintiffs repeat and re-allege the allegations contained in the previous averments as if fully set forth herein.

24. Defendant owed Plaintiffs a duty to the Plaintiffs to provide accurate, reliable, and sound directive and advice regarding obtaining adequate insurance coverage and policies.

27. Plaintiffs detrimentally relied upon the advice and directive provided by the Defendant when Plaintiffs attempted to obtain adequate insurance coverage for the subject property.

28. The Defendant breached its duty to the Plaintiffs by obtaining a policy for the subject property with inadequate coverage.

29. As a direct and proximate result of the Defendant negligence and recklessness, Plaintiffs have incurred, and continue to incur, economic harm and other losses, including, but not limited to: indemnification for the losses incurred in the subject fire; the attorney's fees; expert fees; loss of use of the subject property; and, emotional distress.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court (1) enter judgment in favor of Plaintiffs; (2) award damages in an amount sufficient enough which will fully and fairly compensate Plaintiffs for all the harm and damages they have suffered as a result of Defendant's negligence and recklessness; and (3) award any other and further relief deemed fair and equitable, together with costs and interests provided by law.

### Count II: Professional Negligence v. Defendant

30. Plaintiffs repeat and re-allege the allegations contained in the previous averments as if fully set forth herein.

31. Defendant's representation of Plaintiffs as Plaintiffs' producer/agent fell below the standard of care for a Maine producer/agent.

32. Defendant's representation of Plaintiffs comprises a breach of the duty of care owed to their clients, Plaintiffs herein.

33. Defendant's breach of duty caused Plaintiffs to suffer economic harm and other losses, including, but not limited to: indemnification for the losses incurred in the subject fire; the attorney's fees; expert fees; loss of use of the subject property; and, emotional distress.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court (1) enter judgment in favor of Plaintiffs; (2) award damages in an amount sufficient enough which will fully and fairly compensate Plaintiffs for all the harm and damages they have suffered as a result of Defendant's negligence and recklessness; and (3) award any other and further relief deemed fair and equitable, together with costs and interests provided by law.

### Count III: Breach of Fiduciary Duty v. Defendant

34. Plaintiffs repeat and re-allege the allegations contained in the previous averments as if fully set forth herein.

35. Plaintiffs placed a great deal of trust in Defendant to act as their producer/agent to represent them in very important insurance-related matters.

36. Plaintiffs entrusted Defendant with handling insurance-related matters and expected the Defendant to provide accurate, reliable, and sound directive and advice regarding obtaining adequate insurance coverage and policies, because Plaintiffs believed that the Defendant was a competent provider/agent, and competent company that practiced in the insurance industry as a provider/agent.

37. The Defendant held themselves as out as producers/agents and having expertise in obtaining insurance policies, providing consultation regarding insurance related issues, and handling property claims.

38. At all relevant times there existed a great disparity of position and influence between Defendant, on the one hand, and Plaintiffs on the other.

39. Defendant obtained a benefit from its representation of Plaintiffs.

40. Defendant's actions as chronicled above comprise a breach of fiduciary

duties owed to Plaintiffs.

41. These breaches of fiduciary duty have caused Plaintiffs to suffer economic harm and other losses, including, but not limited to: indemnification for the losses incurred in the subject fire; the attorney's fees; expert fees; loss of use of the subject property; and, emotional distress.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court (1) enter judgment in favor of Plaintiffs; (2) award damages in an amount sufficient enough which will fully and fairly compensate Plaintiffs for all the harm and damages they have suffered as a result of Defendant's negligence and recklessness; and (3) award any other and further relief deemed fair and equitable, together with costs and interests provided by law.

Dated at Portland, Maine this 19th day of August, 2015.

Roger F. Brunelle, Esq., Bar No. 9414
Attorney for Plaintiff
LAW OFFICES OF ROGER F. BRUNELLE JR.
One Monument Way, 2nd Floor
Portland, ME 04101
207.699.4357
207.773.8832 (F)
roger@rbrunellelaw.com

```
WENDY FOWLER  - PLAINTIFF                         SUPERIOR COURT
                                                  CUMBERLAND, ss.
Attorney for: WENDY FOWLER                        Docket No   PORSC-CV-2015-00371
ROGER F BRUNELLE JR - RETAINED
LAW OFFICE OF ROGER F BRUNELLE
1 MOMUMENT WAY 2ND FLOOR                             DOCKET RECORD
PORTLAND ME 04101


RICHARD FOWLER  - PLAINTIFF

Attorney for: RICHARD FOWLER
ROGER F BRUNELLE JR - RETAINED
LAW OFFICE OF ROGER F BRUNELLE
1 MOMUMENT WAY 2ND FLOOR
PORTLAND ME 04101



vs
STATE FARM FIRE AND CASUALTY COMPANY - DEFENDANT
3 ADAMS WAY
SCARBOROUGH ME 04070


Filing Document: COMPLAINT              Minor Case Type: OTHER CIVIL
Filing Date: 08/19/2015
```

## Docket Events:

```
08/19/2015 FILING DOCUMENT - COMPLAINT FILED ON 08/19/2015

08/19/2015 Party(s):  RICHARD FOWLER
           ATTORNEY - RETAINED ENTERED ON 08/19/2015
           Plaintiff's Attorney: ROGER F BRUNELLE JR

08/19/2015 Party(s):  WENDY FOWLER
           ATTORNEY - RETAINED ENTERED ON 08/19/2015
           Plaintiff's Attorney: ROGER F BRUNELLE JR

08/24/2015 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 08/24/2015
           ANDREW M HORTON , JUDGE
```

A TRUE COPY
ATTEST: _____
                    Clerk





## Law Offices of Roger F. Brunelle, Jr.

Roger F. Brunelle Jr.
207.699.4357
roger@rbrunellelaw.com

August 19, 2015

STATE OF MAINE
Cumberland, ss. Clerk's Office

AUG 19 2015

RECEIVED

Via Hand-Delivery
Sally Bourget, Clerk
Cumberland County Superior Court
P.O. Box 287
Portland, ME 04112-0287

Re:  Richard and Wendy Fowler v. Robin Thurston Agency/State Farm

Dear Ms. Bourget:

CV15-371

I have enclosed the following items for filing with the Court in the above-mentioned case.

1. A Civil Summary Sheet;
2. An original Complaint; and
3. A check for $150 for filing with the Court.

Thank you for your assistance in this matter.

Sincerely,

Roger F. Brunelle, Jr.

RFB
Enclosures

One Monument Way • 2nd Floor • Portland, ME 04101
207.699.4357 / 207.773.8832 F
roger@rbrunellelaw.com

# SUMMARY SHEET
## M.R. Civ. P. 5(h)

This summary sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by the Maine Rules of Court or by law. This form is required for the use of the Clerk of Court for the purpose of initiating or updating the civil docket. (SEE ATTACHED INSTRUCTIONS)

| | |
|---|---|
| **I. County of Filing or District Court Jurisdiction:** Cumberland | |
| **II. CAUSE OF ACTION** (Cite the primary civil statutes under which you are filing, if any.) | STATE OF MAINE<br>Cumberland, ss. Clerk's Office<br>AUG 19 2015<br>RECEIVED |
| **III. NATURE OF FILING**<br>☒ Initial Complaint<br>☐ Third-Party Complaint<br>☐ Cross-Claim or Counterclaim<br>☐ If Reinstated or Reopened case, give original Docket Number _____<br>(If filing a second or subsequent Money Judgment Disclosure, give docket number of first disclosure) | |
| **IV.** ☐ TITLE TO REAL ESTATE IS INVOLVED | |

**V. MOST DEFINITIVE NATURE OF ACTION.** (Place an X in one box only)   Check the box that most closely describes your case.

### GENERAL CIVIL (CV)

| Personal Injury Tort | Contract | ☐ Other Forfeitures/Property Libels |
|---|---|---|
| ☐ Property Negligence | ☐ Contract | ☐ Land Use Enforcement (80K) |
| ☐ Auto Negligence | **Declaratory/Equitable Relief** | ☐ Administrative Warrant |
| ☐ Medical Malpractice | ☐ General Injunctive Relief | ☐ HIV Testing |
| ☐ Product Liability | ☐ Declaratory Judgment | ☐ Arbitration Awards |
| ☐ Assault/Battery | ☐ Other Equitable Relief | ☐ Appointment of Receiver |
| ☐ Domestic Torts | **Constitutional/Civil Rights** | ☐ Shareholders' Derivative Actions |
| ☐ Other Negligence | ☐ Constitutional/Civil Rights | ☐ Foreign Deposition |
| ☐ Other Personal Injury Tort | **Statutory Actions** | ☐ Pre-action Discovery |
| **Non-Personal Injury Tort** | ☐ Unfair Trade Practices | ☐ Common Law Habeas Corpus |
| ☐ Libel/Defamation | ☐ Freedom of Access | ☐ Prisoner Transfers |
| ☐ Auto Negligence | ☐ Other Statutory Actions | ☐ Foreign Judgments |
| ☐ Other Negligence | **Miscellaneous Civil** | ☐ Minor Settlements |
| ☐ Other Non-Personal Injury Tort | ☐ Drug Forfeitures | ☒ Other Civil |

**CHILD PROTECTIVE CUSTODY (PC)**

☐ Non-DHS Protective Custody

**SPECIAL ACTIONS (SA)**
Money Judgment
☐ Money Judgment Request Disclosure

### REAL ESTATE (RE)

| Title Actions | Foreclosure | Misc. Real Estate | |
|---|---|---|---|
| ☐ Quiet Title | ☐ Foreclosure (ADR exempt) | ☐ Equitable Remedies | ☐ Nuisance |
| ☐ Eminent Domain | ☐ Foreclosure (Diversion eligible) | ☐ Mechanics Lien | ☐ Abandoned Roads |
| ☐ Easements | ☐ Foreclosure - Other | ☐ Partition | ☐ Trespass |
| ☐ Boundaries | | ☐ Adverse Possession | ☐ Other Real Estate |

### APPEALS (AP) (To be filed in Superior Court)   (ADR exempt)

☐ Governmental Body (80B)   ☐ Administrative Agency (80C)   ☐ Other Appeals

**VI. M. R. Civ. P. 16B Alternative Dispute Resolution (ADR):**
☐ I certify that pursuant to M. R. Civ. P. 16B(b), this case is exempt from a required ADR process because:
  ☐ It falls within an exemption listed above (i.e., an appeal or an action for non-payment of a note in a secured transaction).
  ☐ The plaintiff or defendant is incarcerated in a local, state or federal facility.
  ☐ The parties have participated in a statutory pre-litigation screening process with _____
  ☐ The parties have participated in a formal ADR process with _____ on _____ (date).
  ☐ This is a Personal Injury action in which the plaintiff's likely damages will not exceed $30,000, and the plaintiff requests an exemption from ADR.

CV-001, Rev. 06/14                                                   Page 1 of 3

VII. (a) ☒ PLAINTIFFS (Name & Address including county)
or ☐ Third-Party, ☐ Counterclaim or Cross-Claim Plaintiffs
☐ The plaintiff is a prisoner in a local, state or federal facility.

Richard and Wendy Fowler
1 Fowler Farm Rd.
Scarborough, Maine 04074
Cumberland County

(b) Attorneys (Name, Bar number, Firm name, Address, Telephone Number)  If all counsel listed do NOT represent all plaintiffs,
specify who the listed attorney(s) represent.

Law Offices of Roger F. Brunelle Jr., LLC
Roger F. Brunelle Jr., Esq. Bar No 9414
One Monument Way, 2nd Floor
Portland, Maine 04101
207-699-4357

VIII. (a) ☒ DEFENDANTS (Name & Address including county)
and/or ☐ Third-Party, ☐ Counterclaim or ☐ Cross-Claim Defendants
☐ The defendant is a prisoner in a local, state or federal facility.

State Farm Fire and Casualty Company
3 Adams Way
Scarborough, ME 04070

(b) Attorneys (Name, Bar number, Firm name, Address, Telephone Number)  If all counsel listed do NOT represent all defendants,
(If known)                                                              specify who the listed attorney(s) represents.

Kenneth Pierce, Esq.
Monaghan Leahy
95 Exchange Street Portland, Maine 04112
(207) 774-3906

STATE OF MAINE
Cumberland ss Clerk's Office

AUG 1  2015

RECEIVED

IX. (a) ☐ PARTIES OF INTEREST (Name & Address including county)

(b) Attorneys (Name, Bar number, Firm name, Address, Telephone Number)  If all counsel listed do NOT represent all parties,
(If known)                                                              specify who the listed attorney(s) represents.

X.   RELATED CASE(S) IF ANY _____
     Assigned Judge/Justice _____     Docket Number _____

Date: 8/19/15

Roger F. Brunelle Jr., Esq.
Name of Plaintiff or Lead Attorney of Record  9414
Signature of Plaintiff or Attorney

CV-001, Rev. 06/14          Page 2 of 3